# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀ID No.⠀⠀⠀2101000281
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BYRON STAFFORD,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀)

## ORDER

1. On this 9th day of January, 2024, upon consideration of Defendant Byron Stafford's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On March 16, 2022, Defendant pled guilty to Robbery in the Second Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[2]

3. On March 30, 2022, this Court sentenced him to (1) Robbery, five years of Level V supervision, followed by six months of Level IV supervision, followed by one year of Level III supervision and (2) PFDCF, three years of Level V supervision.[3]

4. On October 5, 2023, Defendant filed the instant Motion, in which he asks the Court to modify the Level IV supervision portion of his sentence to Level IV

---

[1] D.I. 23. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the conditions of his probation.

[2] D.I. 17.

[3] D.I. 18.

(Home Confinement). In support, he states that his mother is willing to host him for this period and that he has secured employment.[4]

5. Rule 35(b) authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time." A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[5]

6. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence modification.[6] Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED.**

   **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Byron Stafford (SBI #00802990)

---

[4] D.I. 23.

[5] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

[6] Where this Court has considered similar motions to modify the Level IV portion of a sentence to remove the discretion of the Delaware Department of Correction, it has tended to deny them. *See State v. Snead*, 2023 WL 2987103, at *1 (Del. Super. Apr. 12, 2023); *State v. Starkey*, 2020 WL 2789704, at *2 (Del. Super. May 29, 2020); *State v. Charles*, 2020 WL 2026833, at *2 (Del. Super. Apr. 21, 2020); *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018); *State v. Kilson*, 2016 WL 1590965, at *1 (Del. Super. Apr. 14, 2016).

2